# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>J.E. KRUEGER,<br><br>    Respondent. | Case No. 1:18-cv-01055-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO TRANSFER<br><br>(ECF No. 23) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his convictions and sentence imposed by the United States District Court for the Northern District of Indiana.

    On April 23, 2018, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana. (ECF No. 1). On July 20, 2018, the petition was transferred to the United States District Court for the Central District of California based on the belief that Petitioner had been transferred to the United States Penitentiary in Victorville, California. (ECF No. 9). On August 2, 2018, the petition was transferred to this Court once Petitioner's transfer to the United States Penitentiary in Atwater, California was confirmed. (ECF No. 15).

    Petitioner has filed a motion to transfer this matter back to the Southern District of Indiana, where the petition was initially filed. The basis for the motion is that the Seventh Circuit

has found Rosemond v. United States, 572 U.S. 65 (2014), is retroactive while the Ninth Circuit has not. (ECF No. 23). In the petition, Petitioner relies on Rosemond to support his assertion that he is actually innocent of his 18 U.S.C. § 924(c) conviction. (ECF No. 1 at 9–11).[1]

The United States District Court for the Southern District of Indiana transferred Petitioner's petition because "the petitioner has been moved . . . [and] no longer has any connection to this district and the respondent has not yet filed a return to the show cause order." (ECF No. 9 at 1). This Court declines to revisit the Southern District of Indiana's determination to transfer the petition when Petitioner changed facilities and no longer had any connection to that district. Further, the Seventh Circuit's ruling regarding Rosemond's retroactivity is not a justifiable basis for transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 458 (2004) (Stevens, J., dissenting) ("All Members of this Court agree that . . . habeas petitioners should not be permitted to engage in forum shopping.").

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to transfer this matter back to the Southern District of Indiana (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: **March 11, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.