# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY WALKER,<br><br>  Petitioner,<br><br>  v.<br><br>STEVEN LAKE,[1]<br><br>  Respondent. | Case No. 1:18-cv-01055-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 32)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT AND ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California ("USP Atwater"). On January 30, 1998, Petitioner was convicted by a jury in the United States District Court for the Northern District of Indiana of: conspiracy to distribute narcotics, two counts of distribution of cocaine, using a firearm during a drug trafficking offense, possession of an unregistered firearm with a silencer, and employing a person under eighteen to distribute

---

[1] Steven Lake is the current Warden of the United States Penitentiary in Atwater, California, where Petitioner is currently housed. (ECF No. 32 at 1 n.1). Accordingly, Steven Lake is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

cocaine. (ECF No. 1 at 2; ECF No. 32 at 2; ECF No. 51-5 at 2).[2] Petitioner was sentenced to an imprisonment term of life plus 360 months. (ECF No. 1 at 3; ECF No. 32 at 2; ECF No. 51-5 at 4). The Seventh Circuit affirmed the judgment and sentence. United States v. Frazier, 213 F.3d 409 (7th Cir.), reh'g and reh'g en banc denied sub nom. United States v. Walker, 2000 U.S. App. LEXIS 15699 (7th Cir.), cert. denied, 531 U.S. 1015 (2000).

Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which the district court denied on December 16, 2003. Order, United States v. Walker, No. 2:97 CR 88 (N.D. Ind. Dec. 6, 2003), ECF No. 604. In 2005, Petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582 based on United States Sentencing Guidelines ("USSG") Amendment 591, which the district court denied on May 5, 2006. United States v. Walker, No. 2:97 CR 88, 2006 WL 8426456, at *2 (N.D. Ind. May 5, 2006). Petitioner filed another motion to modify his sentence pursuant to 18 U.S.C. § 3582 based on USSG Amendment 750, which the district court denied on December 2, 2011. United States v. Walker, No. 2:97 CR 88, 2011 WL 13187026 (N.D. Ind. Dec. 2, 2011), aff'd, 471 F. App'x 528 (7th Cir. 2012). In 2015, Petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582 based on USSG Amendment 782. Walker, No. 2:97 CR 88 (N.D. Ind. Aug. 19, 2015), ECF No. 810. This latest sentencing reduction motion is still pending before the United States District Court for the Northern District of Indiana. (ECF No. 32 at 4).

On April 23, 2018, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana. (ECF No. 1). On July 20, 2018, the petition was transferred to the United States District Court for the Central District of California based on a belief that Petitioner had been transferred to the United States Penitentiary in Victorville, California. (ECF No. 9). On August 2, 2018, the petition was transferred to this Court once Petitioner's transfer to USP Atwater was confirmed. (ECF No. 15).

In the petition, Petitioner challenges his sentence, which was imposed by the United States District Court for the Northern District of Indiana without computation of an explicit drug quantity to arrive at a base offense level. Petitioner contends that had the district court correctly

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 calculated an explicit drug quantity, Petitioner may not have received a life sentence and would have been eligible for sentence reductions pursuant to USSG Amendments 706 and 750. (ECF No. 1 at 4). Relying on Rosemond v. United States, 572 U.S. 65 (2014), Petitioner also asserts that he is actually innocent of the § 924(c) conviction. (ECF No. 1 at 9–11). Petitioner filed an addendum to the petition to further support his claim of actual innocence of the § 924(c) charge. (ECF No. 27).

On February 5, 2019, Respondent filed a motion to dismiss the petition. (ECF No. 32). On May 2, 2019, Respondent filed a supplemental brief pursuant to a court order. (ECF No. 51). On June 10, 2019, Petitioner filed a response to Respondent's supplemental brief. (ECF No. 52).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, this Court, as the custodial court, has jurisdiction. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Northern District of Indiana, which imposed Petitioner's sentence.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–

61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

### A. Drug Quantity Calculation

In the petition, Petitioner challenges his sentence, which was imposed by the district court without an explicit computation of drug quantity to arrive at a base offense level. Petitioner argues that had the district court correctly calculated a specific drug quantity, Petitioner may not have received a life sentence and would have been eligible for USSG Amendments 706 and 750. (ECF No. 1 at 4). Petitioner does not contend that he is factually innocent of conspiring to distribute narcotics and distribution of cocaine, but rather challenges the legality of his sentence. However, the Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Further, Petitioner has not established that he never had an unobstructed procedural shot at presenting this claim. In fact, Petitioner has raised this drug quantity calculation claim multiple times. For example, in his § 2255 motion, Petitioner argued "that in accordance with Apprendi v. New Jersey, a jury should have determined the question of drug quantities based on the 'beyond a reasonable doubt' standard." Walker, 2006 WL 8426456, at *1. In denying the § 2255 motion, the district court found, *inter alia*, that the "evidence of drug quantities involved in Walker's case was sufficient to support his indictment and conviction, no plain error occurred, and Walker did not suffer any prejudice entitling him to a review." Id. (internal quotation marks and citation omitted). In his § 3582 motion based on USSG Amendment 591, Petitioner argued "at length to show that his sentence was calculated inappropriately," asserting that the district court "inaccurately selected his base offense level" and renewing his Apprendi claims. Walker, 2006 WL 8426456, at *1.

///

As the Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Marrero, 682 F.3d at 1193, and Petitioner has not established that he never had an unobstructed procedural shot at presenting this claim, Petitioner may not proceed under § 2241 pursuant to the savings clause with respect to his drug quantity calculation claim.

**B. Section 924(c) Offense**

Petitioner asserts that he is actually innocent of carrying a firearm during a drug trafficking offense with respect to both the aiding and abetting and the Pinkerton theories of liability. (ECF No. 27 at 2). The Court will address each theory in turn.

1. Rosemond

Relying on Rosemond v. United States, 572 U.S. 65 (2014), Petitioner asserts that he is actually innocent of aiding and abetting the use of a firearm during a drug trafficking offense. (ECF No. 1 at 9–11). In Rosemond, the Supreme Court held that for aiding and abetting the using or carrying of a firearm during and in relation to any crime of drug trafficking, the government must prove "that the defendant actively participated in the underlying drug trafficking . . . with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67. Advance knowledge "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away." Id. at 78. "Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." Id. at 78 n.9.

In Petitioner's case, however, the theory of liability regarding the § 924(c) offense was based on Pinkerton v. United States, 328 U.S. 640 (1946). See Frazier, 213 F.3d at 416 (noting that the charge "under 18 U.S.C. § 924(c) with respect to carrying a .22 caliber pistol with a silencer during a drug trafficking crime, specifically, the use of the pistol by Joseph Torrence when he received a quantity of crack from Frazier" was "based on coconspirator liability under the *Pinkerton* Doctrine"). "[A]iding-and-abetting liability differs from Pinkerton liability." United States v. Bingham, 653 F.3d 983, 997 (9th Cir. 2011). As Petitioner was convicted based

1 on the Pinkerton theory of liability, Petitioner's reliance on Rosemond to establish actual
2 innocence is inapposite.

    2. Pinkerton

Petitioner also asserts that he is actually innocent of using or carrying a firearm during a drug trafficking offense under the Pinkerton theory of liability. (ECF No. 27 at 2). The Pinkerton doctrine "renders all co-conspirators criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy." Bingham, 653 F.3d at 997 (internal quotation marks omitted) (quoting United States v. Hernandez–Orellana, 539 F.3d 994, 1006–07 (9th Cir. 2008)). See United States v. Luong, 627 F.3d 1306, 1308 (9th Cir. 2010) ("A defendant may be convicted under a Pinkerton theory of using or carrying a firearm in violation of section 924(c).").

Petitioner argues that there was no other witness or coconspirator who could corroborate Eric Frazier's testimony regarding the § 924(c) offense. Petitioner contends that Frazier's testimony should have been stricken due to inconsistencies, but that the "prosecution continued to use Frazier's tainted testimony because he was the only conspirator who could connect Petitioner . . . to this particular firearm\silencer, in the entire conspiracy." (ECF No. 27 at 2). In support of his actual innocence claim, Petitioner also has lodged an affidavit,[3] dated June 1, 2006, of cooperating codefendant Joseph M. Torrence, Jr. in which Torrence recants his grand jury and trial testimony regarding the firearm with the silencer. (ECF No. 27 at 42–44).

Here, Petitioner has not established that he never had an unobstructed procedural shot at presenting his actual innocence claim regarding the § 924(c) offense. Petitioner previously raised claims challenging the sufficiency of the evidence regarding his § 924(c) conviction. On direct appeal, the Seventh Circuit held that "the district court properly found that sufficient evidence existed to support Mason and Walker's convictions for carrying a weapon during the commission of a crime." Frazier, 213 F.3d at 416. In denying relief, the Seventh Circuit found:

> The evidence at trial sufficiently established that a firearm was carried in furtherance of the drug conspiracy and in fact was an integral part of the conspiracy. Mason bragged to Hemphill about having the .22 caliber pistol with

---

[3] The Court notes that there is no notary seal on the affidavit.

>silencer. He offered it to John Allen's brother on the condition that it be returned. The pistol was passed among members of the organizations and used in retaliation against a person who had attacked one of the coconspirators. Frazier hit Little Vic with a firearm because of a drug debt. Moreover, the specific charge was directly related to the conspiracy and possession with intent to distribute cocaine. The evidence presented showed that Torrence, at the direction of the other coconspirators, held the firearm and a quantity of cocaine together.

Frazier, 213 F.3d at 416.

Further, in his motion for new trial,[4] Petitioner specifically asserted that key government witnesses, including Eric Frazier and Joseph Torrence, provided false testimony. (ECF No. 51-4 at 5). In support of the motion for new trial, Petitioner produced letters allegedly from Eric Frazier and Joseph Torrence and purported affidavits recanting their testimony. In denying the motion for new trial, the district court found in pertinent part: Frazier's letter was not a recantation because Frazier, by his own admission, stated he did not write said letter; Frazier's purported affidavit was a "hoax"; Torrence's letter was not relevant and information contained therein was not credible; and Torrence's recantation in the purported affidavit lacked merit because even after his supposed recantation, Torrence testified under oath that Petitioner was a major drug trafficker. (ECF No. 51-4 at 9–16).

Although it is unclear whether Petitioner previously presented Torrence's 2006 affidavit to any court,[5] the inquiry into whether Petitioner had an unobstructed procedural shot at presenting his claim does not turn on the alleged discovery of "new" evidence.[6] See Harrison, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim . . . we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion.").

Based on the foregoing, the Court finds that Petitioner has not established that he "never had an 'unobstructed procedural shot' at presenting this claim," Ivy, 328 F.3d at 1060, and thus

---

[4] The motion was filed on January 30, 2001, after the Seventh Circuit affirmed the judgment and the Supreme Court denied Petitioner's petition for certiorari.

[5] Torrence's 2006 affidavit postdates Petitioner's motion for new trial and the district court's November 16, 2001 order denying the motion.

[6] At the time the instant petition was filed, Torrence's 2006 affidavit was almost twelve years old. Additionally, the Court notes that Petitioner has described Torrence's 2006 affidavit as "stating the same things he tried to explain in his noterized [*sic*] letter" that was given to the trial judge a few months after Petitioner's trial. (ECF No. 27 at 8).

Petitioner may not proceed under § 2241 pursuant to the savings clause with respect to his § 924(c) claim.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 32) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Steven Lake as Respondent in this matter and to ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2019**

UNITED STATES MAGISTRATE JUDGE

9