# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY WALKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STEVEN LAKE,<br><br>　　　　Respondent. | Case No. 1:18-cv-01055-LJO-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 32, 53) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 23, 2019, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for lack of jurisdiction as Petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the escape hatch of 28 U.S.C. § 2255(e). (ECF No. 53). Petitioner filed timely objections. (ECF No. 54).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

In his objections, Petitioner challenges the Magistrate Judge's characterization that Petitioner was not convicted under the aiding and abetting theory and only convicted under the

1

Pinkerton theory of liability with respect to his § 924(c) offense. Petitioner contends that Rosemond is retroactively applicable to his case and that he is entitled to habeas relief "[b]ecause there is no nexus between that particular firearm\silencer" and Petitioner. (ECF No. 54 at 2, 3).[1]

A petitioner may proceed under § 2241 pursuant to the escape hatch or savings clause when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law *creating a previously unavailable* legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

Even assuming, without deciding, that Petitioner was convicted under the aiding and abetting theory[2] and that Rosemond v. United States, 572 U.S. 65 (2014), is retroactively applicable to cases on collateral review, the Court finds that Petitioner still fails to satisfy the criteria to bring a § 2241 petition pursuant to the escape hatch of § 2255(e) because Petitioner has not established that he never had an unobstructed procedural shot at presenting his actual innocence claim regarding the § 924(c) offense.

Petitioner previously raised claims challenging the sufficiency of the evidence regarding his § 924(c) conviction on direct appeal and in his motion for new trial. In addition, the Seventh

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] The Court notes that on direct appeal, the Seventh Circuit stated that the 18 U.S.C. § 924(c) charge "with respect to carrying a .22 caliber pistol with a silencer during a drug trafficking crime, specifically, the use of the pistol by Joseph Torrence when he received a quantity of crack from Frazier . . . was based on coconspirator liability under the *Pinkerton* Doctrine." United States v. Frazier, 213 F.3d 409, 416 (7th Cir. 2000).

Circuit has held that a claim based on Rosemond[3] was not previously unavailable under its precedent for purposes of invoking the escape hatch under 28 U.S.C. § 2255(e). Although Rosemond had not been decided at the time of Petitioner's trial, direct appeal, and first § 2255 motion, the argument made in Rosemond was not foreclosed by the state of the law in the Seventh Circuit. Montana v. Cross, 829 F.3d 775, 784–85 (7th Cir. 2016).[4] See Harrison, 519 F.3d at 961 (noting that while a new Supreme Court decision may give "additional encouragement for defendants to argue" a certain claim, such additional encouragement does not necessarily "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim").

The Court also declines to grant Petitioner's request to transfer the instant habeas proceeding back to the United States District Court for the Southern District of Indiana, where the petition was originally filed. The United States District Court for the Southern District of Indiana transferred Petitioner's petition because "the petitioner has been moved . . . [and] no longer has any connection to this district and the respondent has not yet filed a return to the show cause order." (ECF No. 9 at 1). The Court adopts the Magistrate Judge's previous determination:

> This Court declines to revisit the Southern District of Indiana's determination to transfer the petition when Petitioner changed facilities and no longer had any connection to that district. Further, the Seventh Circuit's ruling regarding Rosemond's retroactivity is not a justifiable basis for transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 458 (2004) (Stevens, J., dissenting) ("All Members of this Court agree that . . . habeas petitioners should not be permitted to engage in forum shopping.").

(ECF No. 33 at 2).

Having determined that Petitioner is not entitled to habeas relief, the Court now turns to whether to issue a certificate of appealability. "Where a petition purportedly brought under

---

[3] In Rosemond, the Supreme Court held that for aiding and abetting the using or carrying of a firearm during and in relation to any crime of drug trafficking, the government must prove "that the defendant actively participated in the underlying drug trafficking . . . with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67. Advance knowledge "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away." Id. at 78. "Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." Id. at 78 n.9.

[4] Petitioner was convicted in the Northern District of Indiana, over which the Seventh Circuit has appellate jurisdiction. Therefore, the Court looks to Seventh Circuit caselaw to determine whether Petitioner's claim was available. See Alaimalo, 645 F.3d at 1048–49.

3

§ 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison, 519 F.3d at 958. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's § 2241 petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on September 23, 2019 (ECF No. 53) is ADOPTED;
2. Respondent's motion to dismiss (ECF No. 32) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED;
4. The Clerk of Court is directed to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 1, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE